You may proceed. Good morning. My name is Jay Trickett. I'm here on behalf of the Government of Guam. I'd like to reserve five minutes for rebuttal. The key factor in this case is the existence of a remedial receivership. Remedial receiverships are still somewhat unusual, particularly in how they operate. They put a federal court in the position of literally taking over a government agency and running it as an administrator through an agent called a receiver, while the local taxpayers remain responsible for funding the receivership out of the general fund. Apart from a few well-known examples, like the Plata case in California, remedial receiverships have not been heavily litigated at the appellate level. But the issues we're discussing today are extremely salient in the Marianas Islands, including Guam. What are the orders on appeal? The orders on appeal, there are three orders on appeal, although the terminology I'm not sure of because there was a motion for reconsideration, and a motion for reconsideration tolls the deadline for an appeal. What are the orders on appeal? The denial of amended substitution of counsel, the denial of a motion for reconsideration, and the Order of Ray motion for clarification. Wasn't substitution of counsel subsequently granted? Yes. Why isn't this appeal moot? This appeal is not moot because the granting, if you want to call it that, of the substitution of counsel was not a reconsideration. It was based on new grounds, and it was issued after the receivership had proceeded for almost five months from the date the substitution of counsel was initially filed. But the prior denials or partial grant, partial denials don't matter anymore, do they? Absolutely they do. Why? Because during the period in which the receivership continued to operate, following the denial of substitution, and until the court granted substitution in October, the government of Guam was denied an opportunity to be meaningfully heard. It had no counsel. But any other orders issued by the district court during that time are not on appeal, are they? That's right, Your Honor. And, in fact, there were appeals taken that your client dismissed. The appeals that were taken that were subsequently dismissed were both for motions to stay, which were mooted. But you must think they weren't, because otherwise I don't understand why it matters that five months happened, right? You must be saying that in those five months something happened that hurt Guam. But if that's the case, those motions to stay would have stopped whatever those things were, right? They would have stopped some of what Guam was concerned about. There were two motions to stay. So what else was there? Beyond what the motions to stay would have been about, what else hurt Guam in those five months? What rulings happened in the district court that hurt Guam? There was an approval for a plan submitted by the receiver that was dated July 1st. Is that on appeal to us? It's not. And why not? It doesn't need to be. Why? Under Winhoven, if this court concludes, which there's really no dispute. That's another big leap. Okay. I'll jump to that one. Okay. Winhoven, as you've given us, is apparently the best case you can offer. Is there a single case anyplace that says the denial or even a delay in a substitution of counsel voids everything that happened in between? Winhoven doesn't say that, does it? It does not. Is there any case that says anything close to that? There needs to be separate findings. There still needs to be. So the answer to my question is no. There's no such case. That a denial of a substitution of counsel on its own automatically voids cases, automatically voids decisions, no. And your brief has said that's well established, and yet Winhoven is the best case you have to offer, and it doesn't say that. Does any case say what proposition that your brief argues is so well established? I think the answer is no. Not a single case says anything like that. Your Honor, I don't want to argue with you about what our brief says. Well, that's what we've read, and that's what we've studied for the last several weeks, so why not? But what I recall the brief saying is not that denial of substitution of counsel voids orders. That's not what it says. What it says is denial of due process voids orders, and a substantial part of due process is the right to be meaningfully heard. Under well-settled law, the results of these proceedings are void. Right. Based on what? Based on the well-settled law that due process requires the right to be meaningfully heard. There's a disconnect there. What authority do you have if there's a denial of the right to be heard, and I think there's a factual question of whether that happened here, but what proposition says that all orders issued by the court in the interim are void? Your Honor, I think that's. That's the well-settled proposition. Yes. Now tell us your story. What's the basis for that proposition? Your Honor, I think that when taken together with Fuentes, when you put those two cases together, both of those cases establish well-settled propositions. One, that the right to be meaningfully heard is a fundamental to due process. The second proposition is that if due process is denied, orders are void. Those are both also. The best you have to offer in support of those propositions are the cases you just identified. If we don't think that's particularly close, you have nothing more specific to offer us? Because neither of them said orders in the interim are automatically void, did they? Your Honor, rather than give you cases, I can discuss cases that were not cited. Try something else. I realize your time is going by. I didn't find any place in your brief, maybe you can offer up now, what it is that might have been said by this substitute counsel that would have had any impact or would have changed the court's orders in the meantime? And in particular, what prevented the interested parties from offering that up? Because recall, private counsel was allowed to participate throughout that time, albeit in a limited fashion, and did participate. So what wasn't told to the court that should cause us to say the court's orders are automatically void? First of all, I want to address the question that you asked, and I'll do so. As I said, the proposal by the receiver that was approved, which included, according to the receiver, projects that Guam added to the consent decree, which totaled $20 million, the government disputes that, and there's a declaration that was attached to the motion to stay, signed by the lieutenant governor, that says so. It also says that in the brief. So the court got that argument, right? They got the argument. But not in the context of a challenge to that proposal on the substance. So why not? Why didn't you use the separate counsel that filed a lot of other things to file that declaration then? Your Honor, there's this reference to 53 filings, and I assume that's what you're referring to. Frankly, Your Honor, that is incredibly misleading. Those filings were limited to the following. They fall into four categories. Notice of appearance, filings directly related to the motion for substitution, motion for reconsideration, and motion to stay until substitution is granted, a motion to unseal the cost estimates, which was not heard or granted until after the court granted substitution in full. So in the motion to seal, the law firm filed briefs for the government of Guam. Why couldn't they have done that for the proposal that you're upset about? And then maybe it would have been granted later when the court reconsidered the substitution. Because following that order, the court issued its order on the motion for reconsideration and rejected the arguments made by the proposed substitute counsel and threatened that firm, I say threatened, included a footnote to rejecting the arguments saying, counsel is reminded that making frivolous arguments is subject to sanctions under Rule 11, and then proceeded later in the same order to call the proposed substitute firm's arguments frivolous. Maybe they were on that question, but maybe they wouldn't have been for your proposal. Who knows? Well, Your Honor, the frivolous argument we're referring to is the argument that the Attorney General represented the receiver. I don't think that anyone can say with a straight face that that is a frivolous argument when it is based on a letter from the Attorney General that said, through the completion of the Leon landfill eminent domain case, the receiver was the client of the Attorney General and holds the privilege. So, okay, so you disagree with that footnote. So why does that mean you couldn't have filed something when you were upset about the proposal? Your Honor, that question leaves open the possibility, let's just say, that attorneys who have been told they do not represent the government and they are, as was put in two separate orders, appear to be attempting to evade the local rules by appearing without being granted substitution, that they nevertheless have a duty or a right to participate in the merits of the proceeding over the district court's orders, against flat orders made by the district court. I don't want to use... I guess I understand what you're trying to say, but I'm still trying to figure out, what is the effective relief you would be arguing for? The effective relief would be an order finding that the district court erred when it found that there was no attorney-client relationship and that there was no conflict of interest, a confirmation of the Jackson v. Ilst holding that the court had no discretion to deny substitution when an actual conflict of interest exists. And if this court is reluctant to... No, that really matters. We're still waiting to find out what the practical impact of the order is. I understand. If this court is reluctant to issue an order from the Ninth Circuit voiding district court orders, then remand to allow the government of Guam to make the motion that the party in Winhoven made, which is that the orders... You don't need a remand to do that. You could bring a motion to the district court saying reconsider all those prior orders because we didn't have a chance to speak, and that might be properly appealable. On what basis? The court has already on multiple occasions ruled that they did have an opportunity to properly speak. So what's the beef? I mean, you're saying that's wrong. Maybe that's the order you need to appeal, but that's not the order that's in front of us. Well, the question is, and we haven't addressed the jurisdiction at all, but why are the orders that are before you not appealable? They're moot. The substitution's been accomplished. Or they weren't final. Okay. Well, can I? I've already... You're reading your rebuttal, so you can choose to use it now or use it later, but that's... I am going to address it now. I mean, I actually don't fully understand the United States arguments on either jurisdiction or mootness. As far as mootness goes, mootness is unlike other jurisdictional questions. The party claiming mootness bears the burden. And in addition to the fact that this is an ongoing proceeding, and under United States v. Wray, the mere fact that a favorable decision from this court has the potential to affect its rights in ongoing proceedings establishes that this case is not moot. But there are concrete examples of orders that were issued that are potentially void, even if not void yet by an order of this court, if the court finds that the district court erred when it refused to substitute counsel. That includes the July 1, 2013 proposal. It also includes orders approving the receiver's fees, which totaled almost $1 million during this period. It also includes specifically the court's refusal to clarify when the attorney general made the motion. When the attorney general said that the receiver had actually been his client since 2011, the district court had a duty to investigate at a minimum when a conflict of interest like that is raised. And there are all sorts of potential consequences to... That's one I've got to stop you on. What's the basis of the district court's duty to investigate, and what's it supposed to have done? It's supposed to be a neutral judicial officer. It's not trying to examine whether somebody should be tossed out of the bar or what. No, Your Honor, it's about due process. It's about Guam. The basis is... If Guam had a beef about what happened, Guam could file a motion to set aside the prior orders. That's something Guam can do. That's something the court can rule on. What's the duty on the court to go out and start investigating something itself? Gordon V. Wood and Louis V. Lane... Says what? ...say that when a conflict of interest, an actual conflict of interest has been raised, the court has a duty to hold an evidentiary hearing to determine whether an actual conflict of interest exists. Okay. I'll reserve the balance of my time. Good morning, Your Honors. May it please the Court. John Smeltzer from the United States. Your Honors, let me preface my remarks by saying the United States' interest in this case was and is the cleanup of the Ordot dump and the ending of the pollution at that dump and ensuring that the proper infrastructures are in place for the new Lausanne landfill. The United States does not have an interest in getting in the middle of a dispute between the Governor of Guam and the Attorney General of Guam. The District Court heard the complaints by the Governor of Guam about lack of representation from the Attorney General and ultimately decided that the Governor, the Government of Guam was entitled to substitution of counsel. The District Court also heard the Government of Guam's complaints that the lack of an earlier substitution had prejudiced the Government of Guam and therefore required a stay of procurement actions and additional relief. The District Court looked at that and looked at the circumstances with respect to the Lausanne landfill and reasonably determined that there was no reason for the stay because there was no credible evidence of any prejudice in that period. And that's not appealed, right? That is not appealed. We would be here asking this Court to affirm because it was eminently reasonable, but it wasn't appealed. It isn't appealed, right? It wasn't appealed. The only thing that remains on appeal is the original motions that denied full substitution. And those, as this Court has acknowledged, have been superseded by events. Whether moot is the right word or superseded by events or not final to begin with, however you want to frame it, those early orders are not relevant anymore. And they're not relevant anymore because the Government of Guam brought in new evidence to the District Court that further displayed the issue of a breakdown in the relations. Information suggesting that the Attorney General was not taking instructions anymore from the Governor of Guam. That information wasn't before the District Court when the District Court first denied substitution and denied reconsideration. That information was first presented, began in a motion for clarification filed by the Attorney General on the very day that the District Court denied reconsideration. And thereafter, then the Government of Guam put in additional evidence saying, look, we've had this breakdown and now they're not even sharing their client files with us, right? We're the Government of Guam, the Attorney General's not giving us your client files. The District Court looked at that and said, I didn't appreciate that the first time. You may have substitution of counsel. They have private counsel. Private counsel has been representing the Government of Guam in continuing proceedings about the very issues that Mr. Tricket just discussed with respect to proposals for additional projects. There have been recent hearings on that. What should the financial arrangements be by the Government of Guam? What is the scope of those projects? Those are all being litigated. And the Government of Guam is being represented by private counsel, thanks to the substitution order that the District Court granted at the Government of Guam's request. So the only plausible thing that this Court would have to address was, did the District Court err in declining to stay the contract procurement action? And the Government of Guam doesn't complain about the closure contract, as far as I can tell. The contract came in at a lot less than was originally estimated. There are additional projects and other issues financially that have been raised, but none about the closure contract. That was the one thing that, you know, that wasn't stopped immediately and wasn't stopped reasonably because the balance of interest weighed in favor of proceeding. And there was no evidence of prejudice. So unless the Court has any questions of me, thank you, Your Honor. Thank you. We helped you use up most of your time, so we'll give you a couple minutes. Thank you, Your Honor. I'm still going to be quick. The evidence, the new evidence that the United States refers to, was before the Court and rejected on the last order under appeal. The Guam filed a notice of appeal a few days later. A second motion for reconsideration does not toll the deadline to appeal the original order. Guam was put in a situation at that point, on September 18th, when the District Court looked at that evidence, looked at that declaration and that filing by the Attorney General that said, We don't represent Guam. We haven't since 2011. And the District Court said, I've already answered this question. That's not true. So Guam appealed. The jurisdictional question of whether or not those orders were appealable at that point. But I thought on the reconsideration motion. So you're saying Guam put before the District Court this letter or something from the Attorney General. And I thought the District Court on the reconsideration motion said, You should have given that to us on the original motion because you had it all along. Isn't that what happened? No, Your Honor. That was the original motion for reconsideration. Oh, sorry. You're talking about a different one. I'm talking about the last order under review. You're talking about the motion for clarification. The Order Ray motion for clarification, where the District Court looked at the subsequent filing by the Attorney General that said, We don't represent Guam. The receiver holds the privilege. The receiver is our client. We don't take directions from the Governor. And the District Court issued an order in response to that motion, which is under appeal, which said, I've already answered this question. I'm going to incorporate quoting literally from my previous order on reconsideration saying, Not true. The Attorney General doesn't represent the receiver. It only represents Guam and always has. And what happened in between that order and when the District Court actually granted substitution that hurt Guam in those days? The District Court denied the motion to stay. And then you appealed that and then you dropped the appeal. The motion to stay requested that the only relief that the motion to stay requested was that the receiver be prevented from awarding the contracts that it had just bid. They were awarded two days later because we appealed the motion to stay and we went screaming into this court and said, Please grant us an emergency stay or even just a temporary stay for two weeks while we can brief this issue. And the court denied it. Two days later, the contracts were awarded. And that was the relief that the motion to stay requested. So rather than have yet another order on appeal, in addition to the three orders that are already here, given that the only relief that the motion to stay requested was forbearance from entering those contracts. So why didn't you bring a substantive? Was there a ruling by the District Court approving those contracts that you could have appealed? I mean, where was the substantive order? It seems like you're upset about those contracts. So why didn't you appeal those contracts? This goes to the fundamental point that I intended to make at the beginning. Why this case, why this court has jurisdiction and should grant the appeal. And that is because this is the unusual case of a receivership where the receiver is carrying out the District Court's power and executing a judgment without proceedings. Nevertheless, Guam has a right, both due process-wise and under the appointment order, to challenge the receiver's conduct. But it can only do that with lawyers. If Guam doesn't have lawyers, it can't create a record for review. That's why the orders denying substitution of counsel have to be reviewable on their own. It's a narrow set of circumstances. The court doesn't have to rule that substitution of counsel is appealable under other circumstances. But where affirmative action is required by a party that can only be represented through counsel and that party is prevented from being represented by counsel, only the denial of substitution will give that party a reasonable opportunity for review, which is what the standard is in the Ninth Circuit. Thank you. Thank you. We thank both counsel for your arguments. The case just argued is submitted. That concludes the argument calendar.
judges: Clifton, Smith, Friedland